IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

BITCO GENERAL INSURANCE )
CORPORATION f/k/a BITUMINOUS )
CASUALTY CORPORATION, )
　)
       Plaintiff, )
　)
vs. ) Case No. CIV-15-206-M
　)
COMMERCE AND INDUSTRY )
INSURANCE COMPANY; )
NAVIGATOR'S INSURANCE )
COMPANY; and ALTERRA AMERICA )
INSURANCE COMPANY, )
　)
       Defendants. )

# ORDER

Before the Court is defendant Commerce and Industry Insurance Company's ("CIIC") Motion for Partial Summary Judgment, filed April 19, 2016. On May 10, 2016, plaintiff BITCO General Insurance Corporation ("BITCO") filed its response, and on May 17, 2016, CIIC filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

On August 4, 2012, a fire occurred in Payne County, Oklahoma where IPS Engineering, LLC ("IPS"), Global Pipeline Construction, LLC ("Global"), and Wilcrest Field Services, Inc. ("Wilcrest") were working on a pipeline. Parnon Gathering, Inc. ("Parnon")[1] owned the project and contracted with IPS to serve as general contractor. IPS subcontracted with Global to perform the

---

[1]Parnon is now known as JP Energy Marketing, LLC.

welding work.[2] The fire allegedly caused damage to real and personal property and several lawsuits were filed in Payne County against IPS, Global, Wilcrest, and Parnon ("Underlying Lawsuits").

The contract between Global and IPS contains the following insurance requirements:

> **Insurance.** The subcontractor [Global] and its permitted subcontractors shall carry and maintain during the performance of the Work the insurance coverages set forth on the attached Exhibit C.
>
> \*     \*     \*
>
> **EXHIBIT C**
> **INSURANCE**
>
> Subcontractor shall provide and maintain the insurance set forth below during the performance of this Subcontract.
>
> \*     \*     \*
>
> (b)  Comprehensive or Commercial General Liability Insurance including contractual liability, covering liabilities assumed by Subcontractor hereunder, broad form property damage liability, additional insured and waiver of subrogation, contractors' protective, cross-liability and pollution liability provisions with a limit of not less than $1,000,000 per occurrence for bodily injury and property damage combined.
>
> \*     \*     \*
>
> (f)  Excess Liability Insurance covering in excess of the other liability coverages required herein with a limit of not less than $10,000,000 per occurrence for bodily injury and property damage combined.
>
> Insurance in (b), (c), (d), (e) and (f) above shall be endorsed to include IPSE [IPS] and Owner [Parnon] as additional insureds.
>
> All policies of Insurance required above shall contain a waiver of subrogation in favor of IPSE and its directors, officers, employees, agents or invitees and Owner.

Construction Subcontract, attached as Exhibit 16 to CIIC's Motion for Partial Summary Judgment and Supporting Brief, at APP 464, 469-70.

---

[2] CIIC states that IPS also subcontracted with Wilcrest, but BITCO denies this statement as CIIC provided no evidentiary support for the statement.

2

BITCO issued policies numbered CLP 3564132 (primary) and CUP2591149B (excess), affording coverage to Global as a named insured. The BITCO excess policy defines "insured," in part, as:

> Any person or organization not described in Paragraphs 2.a., 2.b., 2.c., 2.d. or 3 above which qualifies as an insured in any "underlying insurance." However, that person or organization is an insured only for damages:
> (a)   Which are covered by this insurance; and
> (b)   Which are covered by the "underlying insurance" or would be covered had its applicable limit of insurance not been used up.

BITCO Commercial Umbrella Policy, attached as Exhibit 15 to CIIC's Motion for Partial Summary Judgment and Supporting Brief, at APP 412. The BITCO primary policy (the underlying insurance) contains an Oil and Gas Extended Liability Coverage endorsement amending the policy's Who Is An Insured provision as follows:

> **A.   AUTOMATIC ADDITIONAL INSUREDS**
>
> **SECTION II – WHO IS AN INSURED** is amended to include:
> Any person or organization for whom you are performing operations if you and such person or organization have agreed in a written contract or written agreement executed prior to any loss that such person or organization will be added as an additional insured on your policy but only with respect to "bodily injury" or "property damage" or "personal and advertising injury" caused, at least in part, by your negligence and with respect to liability resulting from:
> 1.   your ongoing operations for the additional insured(s), or
> 2.   acts or omissions of the additional insured(s) in connection with their general supervision of such operations.

BITCO Commercial Lines Policy, attached as Exhibit 14 to CIIC's Motion for Partial Summary Judgment and Supporting Brief, at APP 238.

3

Additionally, Old Republic General Insurance Corporation ("Old Republic") issued a policy numbered A6DG01881100 to IPS, which is a primary insurance policy, and CIIC issued a policy numbered #15069675, which is an excess insurance policy, to IPS. IPS tendered its defense and indemnity and Parnon's defense and indemnity to Global, but Global denied the tender. Both primary policies have exhausted through settlement of several of the Underlying Lawsuits on behalf of their respective insureds. CIIC asserts that it is defending IPS and Parnon in the remaining lawsuits.

CIIC demanded that BITCO assume the defense and indemnity of IPS and Parnon under the BITCO primary policy, and also the BITCO excess policy after the BITCO primary policy exhausted. BITCO has declined to provide additional insured coverage to Parnon. BITCO has also declined to provide coverage to IPS, at this time. Specifically, BITCO asserts that coverage as to which IPS might be entitled as an additional insured has not yet been triggered through the exhaustion of the underlying coverage.

CIIC now moves this Court for partial summary judgment against BITCO. Specifically, CIIC requests judgment in its favor, ordering that BITCO owes a duty to defend IPS and Parnon and that BITCO owes reimbursement of defense costs to CIIC.

II. Discussion

    A. Duty to defend

CIIC asserts that IPS and Parnon are additional insureds under BITCO's policies. CIIC further asserts that Global is a named insured under the BITCO policies and contractually agreed to provide additional insured coverage to IPS and Parnon. CIIC also asserts that the plain language of the BITCO policies and the law demonstrate that BITCO must defend IPS and Parnon in the

4

Underlying Lawsuits as a matter of law. BITCO contends, in part, that Oklahoma's anti-indemnity statute, Okla. Stat. tit. 15, § 221, expressly precludes BITCO from defending IPS or Parnon for their own negligence, regardless of any policy or contractual language to the contrary. In its reply, CIIC asserts that BITCO's reliance upon Oklahoma's anti-indemnity statutes is misplaced because the statute does not obviate BITCO's duty to defend. Additionally, CIIC asserts that the anti-indemnity statute does not apply to Global's contractual obligation to indemnify IPS and Parnon for Global's negligence and that any reliance on this statute to deny a duty to defend, especially with respect to IPS' and Parnon's vicarious liability, is improper and contrary to Oklahoma law.

Oklahoma's anti-indemnity statute provides, in pertinent part:

> B. Except as provided in subsection C or D of this section, any provision in a construction agreement that requires an entity or that entity's surety or insurer to indemnify, insure, defend or hold harmless another entity against liability for damage arising out of death or bodily injury to persons, or damage to property, which arises out of the negligence or fault of the indemnitee, its agents, representatives, subcontractors, or suppliers, is void and unenforceable as against public policy.
> C. The provisions of this section do not affect any provision in a construction agreement that requires an entity or that entity's surety or insurer to indemnify another entity against liability for damage arising out of death or bodily injury to persons, or damage to property, but such indemnification shall not exceed any amounts that are greater than that represented by the degree or percentage of negligence or fault attributable to the indemnitor, its agents, representatives, subcontractors, or suppliers.

Okla. Stat. tit. 15, § 221(B),(C).

It is undisputed that the Parnon/IPS contract and the IPS/Global subcontract are "construction agreements" as those agreements contemplate the construction of the Great Salt Plains Pipeline. Therefore, subsection (B) of Oklahoma's anti-indemnity statute would apply in this case and would prohibit additional insured coverage, and particularly any duty to defend, being afforded

5

by BITCO to either IPS or Parnon under the BITCO policies for any claims against IPS or Parnon that allege the negligence or fault of IPS or Parnon. Further, the Court finds that subsection (C) of Oklahoma's anti-indemnity statute would not apply to BITCO's duty to defend as subsection (C) is specifically limited to indemnity and does not include the duty to defend. Finally, having reviewed the complaints in the Underlying Lawsuits, the Court finds that there are no claims being asserted against IPS or Parnon seeking to hold them vicariously liable for any alleged negligence of Global; the claims being asserted against IPS and Parnon in the Underlying Lawsuits are for the alleged negligence of IPS and the alleged negligence of Parnon.

Accordingly, the Court finds BITCO does not have a duty to defend IPS or Parnon and that CIIC is not entitled to summary judgment on this issue.

B. Reimbursement of defense costs

CIIC is also seeking reimbursement from BITCO of the defense costs paid by CIIC. Since the Court has found that BITCO does not have a duty to defend IPS or Parnon, the Court finds that CIIC would not be entitled to reimbursement of its defense costs from BITCO. Accordingly, the Court finds that CIIC is not entitled to summary judgment on this issue.

III. Conclusion

For the reasons set forth above, the Court DENIES CIIC's Motion for Partial Summary Judgment [docket no. 57].

**IT IS SO ORDERED this 2nd day of March, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE