# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BITCO GENERAL INSURANCE CORPORATION f/k/a BITUMINOUS CASUALTY CORPORATION,<br><br>Plaintiff,<br><br>-vs-<br><br>COMMERCE AND INDUSTRY INSURANCE COMPANY; NAVIGATORS INSURANCE COMPANY; and ALTERRA AMERICA INSURANCE COMPANY,<br><br>Defendants. | Case No. CIV-15-0206-F |

## ORDER

Before the court is Plaintiff BITCO's Motion to Dismiss Certain Theories in Defendant CIIC's First Amended Counterclaim [Dkt. #113], filed October 17, 2019. Doc. no. 119. Defendant, Commerce and Industry Insurance Company (CIIC), has responded to the motion and plaintiff, BITCO General Insurance Corporation f/k/a Bituminous Casualty Corporation (BITCO), has replied. Upon due consideration of the parties' submissions, the court makes its determination.

I.

In August of 2012, a range fire erupted while IPS Engineering, LLC (IPS), Global Pipeline Construction, LLC (Global), and Wilcrest Field Services, Inc. (Wilcrest), were engaged in a pipeline construction project in Payne County, Oklahoma. Parnon Gathering, Inc. (Parnon) was the project owner and contracted with IPS to serve as general contractor. IPS subcontracted with Global and Wilcrest. The fire caused damage to property and numerous lawsuits (underlying lawsuits)

were filed against Parnon, IPS, Global and Wilcrest. Parnon tendered its defense and indemnity to IPS, which IPS accepted based upon the terms of the contract between the parties. IPS tendered its defense and indemnity and Parnon's defense and indemnity to Global and Wilcrest, which both denied.

The settlement of some of the claims of the underlying lawsuits exhausted the primary liability coverage limits of the commercial general liability insurance policies under which IPS, Global and Wilcrest were insured.

IPS had excess liability insurance coverage, as named insured, through a commercial umbrella liability policy issued by CIIC. Subject to the satisfaction of certain conditions set forth within the policies, IPS claimed that it and Parnon qualified as additional insureds under a commercial excess liability policy issued by Navigators Insurance Company (Navigators) to Wilcrest and under both a commercial umbrella policy issued by BITCO and a second layer commercial excess liability policy issued by Alterra America Insurance Company (Alterra) to Global. CIIC assumed the defense and indemnity of IPS and Parnon and demanded that Navigators and BITCO assume the defense and indemnity of IPS and Parnon under the excess policies, which Navigators and BITCO declined.

In February of 2015, BITCO commenced this declaratory judgment action against CIIC, Navigators and Alterra seeking a determination of priority of coverage afforded IPS under the respective excess liability insurance policies. Shortly thereafter, in March of 2015, CIIC filed a counterclaim against BITCO seeking a declaration that the excess policy it provided to Global provided coverage to IPS and Parnon, that BITCO owed a duty to defend and indemnify IPS and Parnon in the underlying lawsuits, that BITCO's excess coverage is primary to CIIC's excess coverage or concurrent therewith and that BITCO must reimburse CIIC for BITCO's share of defense costs and any settlement payments that CIIC had incurred in

defending and indemnifying IPS and Parnon. CIIC also alleged entitlement to contribution and indemnity and entitlement to subrogation.[1]

After the stay of this case was lifted and pursuant to the court's scheduling order, CIIC filed a motion for leave to amend its answer and its counterclaim against BITCO. It sought to allege the affirmative defenses of *res judicata* or collateral estoppel based upon a recent decision in <u>JP Energy Marketing, LLC v. Commerce & Industry Insurance Company</u>, 419 P.3d 215 (Okla. 2018). Although the motion was originally opposed, BITCO filed a notice withdrawing its objection to CIIC's motion. Consequently, the court granted CIIC's motion and CIIC filed its First Amended Counterclaim. Doc. no. 113. The amended pleading included the same theories of liability as alleged in the original counterclaim as well as the new theory of *res judicata* and estoppel.

In the instant motion, BITCO seeks, pursuant to Rule 12(b)(6), Fed. R. Civ. P., to dismiss the theories of (1) contribution and indemnity with respect to costs to defend and indemnify Parnon; (2) subrogation based upon the contract between IPS and Global; and (3) *res judicata* and estoppel. BITCO contends that CIIC cannot recover contribution and indemnity with respect to costs to defend and indemnify Parnon because Parnon has already obtained a final judgment against BITCO for its defense and indemnity, and if CIIC were also permitted to recover for Parnon's defense and indemnity, a double recovery would result. As to the contractual subrogation theory, BITCO asserts that CIIC cannot rightfully allege such theory against it. BITCO argues that it is not a party to the contract between IPS and Global. Further, it contends that Global is not a party to this action and the time for bringing any breach of contract claim against Global has long since passed. With respect to the *res judicata* and estoppel theory, BITCO argues that the theory is not viable

---

[1] CIIC filed a similar crossclaim against Navigators.

because, although CIIC was a named party to the state court action, the final judgment did not involve any claim brought by or against CIIC. It also contends that the state court did not actually determine any issue involving IPS or CIIC.

CIIC, in response, argues that BITCO is precluded from challenging any of the theories except *res judicata* and estoppel since it answered the original counterclaim. In addition, it argues that the theories of contribution and subrogation alleged in the amended counterclaim are timely because they relate back to the original counterclaim. CIIC also argues that it paid a substantial amount in defense and indemnity for the underlying lawsuits that should have been paid by BITCO. It contends that the costs were incurred as a result of IPS's and Parnon's vicarious liability for Global's negligence. CIIC maintains that it is seeking reimbursement for costs that CIIC owes or already paid. It states that the state lawsuit brought by Parnon sought reimbursement from BITCO for costs that Parnon owed and paid. CIIC represents that it is not seeking to recover those costs. Further, CIIC contends that its contractual subrogation claim is proper because IPS and Parnon are additional insureds under BITCO's policy and CIIC is subrogated to the rights of IPS and Parnon to enforce their coverage under that policy. CIIC also argues that it may step into IPS's and Parnon's shoes to enforce their right to flow-through coverage from BITCO as Global's contractual indemnitees. It contends that it need not litigate Global's contractual obligations to IPS and Parnon because they have been already determined and enforced against Global in the underlying lawsuits. Lastly, with respect to the theory of *res judicata* and collateral estoppel, CIIC points out it has alleged *res judicata* and collateral estoppel in its amended answer as affirmative defenses and BITCO has only challenged the amended counterclaim. CIIC contends that BITCO's motion is of no consequence since the relief in question would be available by way of affirmative defense. Doc. no. 123, at 9. In addition, CIIC asserts that it is not required to prove the merits of its theory and that BITCO's

4

viability arguments should be addressed in a motion for summary judgment. Nonetheless, it maintains that it is entitled to raise *res judicata* and collateral estoppel as to the costs CIIC paid on behalf of Parnon because the state court decision prevents BITCO from maintaining its position that there is no coverage for those costs. As to the costs paid on behalf of IPS, CIIC contends that it was a party to the state court lawsuit and is "entitled to the same determination of coverage under the same contracts and policies as the state court determined for Parnon." *Id*. at 10.

In reply, BITCO argues that it has not waived its right to challenge all theories, except *res judicata* and estoppel, by answering the original counterclaim. It asserts that the filing of the amended counterclaim supersedes the original counterclaim, rendering the original counterclaim without legal effect. It thus contends that it is entitled to challenge all theories alleged in the amended counterclaim. In addition, it argues that it has not waived the challenge to the *res judicata* and estoppel counterclaim by not challenging them as affirmative defenses. BITCO points out that affirmative defenses are distinct from counterclaims. BITCO further argues that CIIC cannot recover for contractual subrogation because the statute of limitations has run for enforcement of the contract between Global and IPS and CIIC has no standing to enforce the contract between Global and BITCO. Furthermore, BITCO asserts that CIIC's contribution and indemnity claim as to costs paid on behalf of Parnon is barred by the rule against claim splitting. Finally, BITCO contends that *res judicata* is actually an affirmative defense which CIIC cannot use to seek damages against it and the state court action did not determine any matters related to IPS.

II.

*Waiver*

Initially, the court declines to find that BITCO has waived its Rule 12(b)(6) motion to the extent it challenges theories of liability that were pled by CIIC in the

5

original counterclaim to which BITCO filed an answer. Rule 12(b) provides that a motion asserting the defense of failure to state a claim upon which relief can be granted "must be made before pleading if a responsive pleading is allowed." Rule 12(b), Fed. R. Civ. P. However, a Rule 12(b)(6) defense is also not one of the defenses specifically listed in Rule 12(h)(1), Fed. R. Civ. P., as subject to waiver, and Rule 12(h)(2), Fed. R. Civ. P., provides that the defense may be raised "in any pleading allowed or ordered under Rule 7(a)," "by a motion under Rule 12(c);" or "at trial." BITCO raised the defense in its answer to the original counterclaim and Rule 12(i), Fed. R. Civ. P., also allows the court upon motion by a party to hear and decide the defense, "whether made in a pleading or by motion." And the "hearing" requirement of Rule 12(i) does not mean an oral hearing but only that a party be given the opportunity to present its views to the court. <u>Greene v. WCI Holdings Corp.</u>, 136 F.3d 313, 316 (2d Cir. 1998). CIIC has had the opportunity to present its views as to BITCO's motion. The court therefore proceeds to address the motion on the merits.

*Contribution and Indemnity*

The court concludes that BITCO is not entitled to dismissal under Rule 12(b)(6) as to the contribution and indemnity theory with respect to costs to defend and indemnify Parnon. Although Parnon succeeded in its lawsuit against BITCO seeking coverage with respect to the underlying lawsuits, it is not clear, viewing the allegations of the amended counterclaim in a light most favorable to CIIC, that the costs for which CIIC seeks contribution and indemnity are the same costs which Parnon sought coverage for in the state court action. CIIC alleges that it has incurred defense costs in defending the underlying lawsuits against IPS and Parnon. Doc. no. 113, ¶¶ 3.21, 5.2. The court therefore cannot say based upon the amended pleading before it that BITCO is entitled to judgment as a matter of law on CIIC's contribution and indemnity theory relating to Parnon. Further, the court, in its discretion, declines

6

to address the claim splitting argument raised for the first time in BITCO's reply brief. BITCO may challenge the contribution and indemnity theory as to costs to defend and indemnify Parnon in its summary judgment briefing.

*Subrogation*

With respect to the contractual subrogation theory of liability, the court also concludes that BITCO is not entitled to dismissal under Rule 12(b)(6). Adjudication of BITCO's arguments, such as the time-bar, require the court to look outside the allegations of the amended counterclaim. The well-pleaded factual allegations of the amended counterclaim, taken as true and viewed in a light most favorable to CIIC, state a plausible claim of contractual subrogation.[2] *See*, First Amended Counterclaim, doc. no. 113, ¶¶ 3.1- 3.21, 6.1-6.9. BITCO may again raise its challenge to CIIC's contractual subrogation theory in its summary judgment briefing.

*Res Judicata and Estoppel*

As to the theory of *res judicata* and estoppel, the court concludes that BITCO is entitled to dismissal under Rule 12(b)(6). Under Oklahoma law, res judicata and collateral estoppel are affirmative defenses. *See*, Brady v. UBS Financial Services, Inc., 538 F.3d 1319, 1327 (10th Cir. 2008); Oklahoma Dept. of Public Safety v. McCrady, 176 P.3d 1194, 1198 n. 21 (Okla. 2007); James v. Unknown Trustees, 220 P.2d 831, 834 (Okla. 1950); 12 O.S. 2011 § 2008(C). The doctrines bar re-litigation of claims, defenses and issues. They do not provide a basis for affirmative relief

---

[2] In deciding whether dismissal under Rule 12(b)(6) is appropriate, the court accepts "as true all well-pleaded allegations in the complaint and view[s] them in the light most favorable to the [non-moving party]." To survival dismissal, the complaint must "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014) (quotations omitted).

against BITCO.  Further, the theory, as pled, does not seek affirmative relief against BITCO.  Thus, the court concludes that the theory fails to state a claim upon which relief may be granted against BITCO and that dismissal is appropriate under Rule 12(b)(6).  CIIC has alleged res judicata and collateral estoppel as affirmative defenses in its Amended Answer, *see*, doc. no. 112, p. 8, ¶ 39.  CIIC is correct that BITCO's motion is not directed to those affirmative defenses.  Those affirmative defenses remain viable.

III.

Accordingly, Plaintiff BITCO's Motion to Dismiss Certain Theories in Defendant CIIC's First Amended Counterclaim [Dkt. #113] is **GRANTED in part** and **DENIED in part**.  The *res judicata* and collateral estoppel theory of liability alleged in the First Amended Counterclaim is dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P.  All other theories of liability alleged in the First Amended Counterclaim remain viable.

IT IS SO ORDERED this 22nd day of November, 2019.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

15-0206p013.docx